IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Cr. No.  97-01039-06 ACK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **NANCY DOAN,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT

Defendant Nancy Doan moves this Court to expunge the record of her conviction in the above captioned case.  The Court finds that Defendant is not entitled to relief and DENIES her motion.

### BACKGROUND

On February 1, 2001, Defendant Nancy Doan ("Defendant") pled guilty to charges of illegally transferring, acquiring, and possessing food stamp coupons, in violation of 18 U.S.C. § 371 and 7 U.S.C. § 2024; conspiracy to commit money laundering in violation of 18 U.S.C. § 1956; and criminal forfeiture in violation of 7 U.S.C. § 2024.  This Court accepted Defendant's plea of guilty, and entered an adjudication of guilt on February 16, 2001.  On May 22, 2001, Defendant was sentenced to 27 months of imprisonment, followed by 3 years of supervised release, as well as restitution in the amount of $65,485 payable jointly and severally to the United States Department of Agriculture.

On May 13, 2004, Defendant satisfied her portion of the restitution, paying a total amount of $20,569.19.  Defendant's period of supervised release expired on August 18, 2006 and this Court ordered the Defendant discharged and proceedings terminated on August 25, 2006.

On January 23, 2009, Defendant filed a Motion for Expungement of the proceedings in this case ("Motion") and attached a proposed Order of Discharge and Dismissal/Expungement for the Court's approval (Motion Ex. 1).  On February 3, 2009, the Government filed its Opposition to Defendant's Motion ("Opp.").  On February 13, 2009, Defendant filed a Response to the Government's Opposition ("Response").

## DISCUSSION

"[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself."  United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004).  Therefore, expunging a conviction is very different from vacating a conviction.  "When a court vacates a conviction, it sets aside or nullifies the conviction and its attendant legal disabilities; the court does not necessarily attempt to erase the fact of the conviction."  Id.  Thus "expungement, without more, 'does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which

he pleaded guilty.'"  Id. (quoting Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 115 (1983)).

Defendant has never moved for this Court to vacate her conviction on any grounds.  This fact alone is fatal to the instant Motion because Defendant must first successfully have her conviction vacated before expungement could become an appropriate option.  See Crowell, 374 F.3d at 796 ("Once a petitioner has succeeded in getting her conviction vacated, a district court may then determine whether the petitioner has asserted circumstances extraordinary and unusual enough that would merit expungement of her criminal judicial records."); 28 James Wm. Moore et al., Moore's Federal Practice § 672.02[e] (3d ed. 1999) ("it is only after the underlying conviction has been vacated that a successful defendant can seek expungement").  Like the defendant in Crowell, Defendant here "cannot use a motion for expungement to make an 'end-run' around recognized post-conviction remedies." 374 F.3d at 796.

Defendant has also not otherwise shown that the Court has any authority to expunge her conviction.  "[There are] two sources of authority by which courts may expunge records of criminal conviction: statutes and our inherent authority." Crowell, 374 F.3d at 792.  As to statutory authority for expungement, Congress has conferred such authority for convictions under at least one specific criminal provision.  See

18 U.S.C. 3607(c); see Crowell, 374 F.3d at 792 (citing to § 3607(c) as an example of statutory authority to expunge); see also United States v. Sumner, 226 F.3d 1005, 1012 (9th Cir. 2000) (listing provisions under which a district court has the power to expunge a criminal record). Section 3607 subsections b and c provide:

> **(b) Record of disposition.**--A nonpublic record of a disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall be retained by the Department of Justice solely for the purpose of use by the courts in determining in any subsequent proceeding whether a person qualifies for the disposition provided in subsection (a) or the expungement provided in subsection (c). A disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.
>
> **(c) Expungement of record of disposition.**--If the case against <u>a person found guilty of an offense under section 404 of the Controlled Substances Act</u> (21 U.S.C. 844) <u>is the subject of a disposition under subsection (a)</u>, <u>and the person was less than twenty-one years old at the time of the offense</u>, the court shall enter an expungement order upon the application of such person. The expungement order shall direct that there be expunged from all official records, except the nonpublic records referred to in subsection (b), all references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof. The effect of the order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or institution of criminal proceedings. A person concerning whom such an order has been entered shall not be held thereafter under any provision of law to be guilty of perjury, false swearing, or making a false statement by reason of his failure to recite or acknowledge such arrests or institution of criminal proceedings, or the results thereof, in response to an inquiry made of him for any purpose.

(emphasis added).  Defendant moves for expungement of her conviction pursuant to subsection (b) of this section.[1/]  Motion at 2.  However, Defendant was never convicted under the Controlled Substances Act, nor was the crime which she was convicted of a drug crime of any kind at all.[2/]  Further, as the Government correctly asserts, Defendant was not under the age of 21 at the time of the offenses; instead she would have been approximately 40 years old at that time.[3/]  Opp. at 1-2.

---

[1/]  It is unclear why Defendant cites to subsection (b) instead of (c) as authority for expunging her conviction. Regardless, § 3607 in its entirety is inapplicable to Defendant's convictions.

[2/]  Defendant states that § 3607 is applicable because she was "under age twenty-one (21) at the time of the offense." Motion at 2.  Although this is one of the requirements for application of this expungement provision, Defendant fails to note that the provision applies only where the conviction for the underage offender is for an offense under the Controlled Substance Act (and even then only for first time offenders of a federal or state controlled substance law).  See 18 U.S.C. § 3607(a).  Apparently Defendant is arguing that expungement is permissible for anyone under twenty-one years old at the time of their conviction for any crime.  Yet Defendant only cites to § 3607(b), a provision that is clearly inapplicable to convictions for conspiracy to traffic food stamps and conspiracy to commit money laundering; moreover, the provision is inapplicable because Defendant was over the age of 21 at the time of the offense.  See infra, footnote 3.

[3/]  Defendant was born in 1957 and the offenses occurred in 1996 and 1997.  See Presentence Investigation Report (listing Defendant's date of birth in 1957; also listing that, at or around the time of sentencing in 2001, "defendant [was] a 43-year-old female").  Thus, it is indisputable that Defendant was over the age of 21 at the time of the offenses.
    In response to this argument, Defendant now asserts that in arguing for the applicability of § 3607, Defendant (or Defendant's counsel) committed "administrative error."  Response

Accordingly, § 3607 is inapplicable to Defendant's conviction and Defendant has provided no other statutory authority permitting expungement of her conviction.

As to this Court's inherent authority to expunge a conviction, such authority exists only in "appropriate and extraordinary cases." Crowell, 374 F.3d at 793; see United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991) (noting that inherent power to expunge is "a narrow power, appropriately used only in extreme circumstances"). The Ninth Circuit has explicitly defined that appropriate and extraordinary cases are "limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." Sumner, 226 F.3d at 1014. Therefore, "district courts do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations,' because 'the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the constitution allocated to Congress, the Executive, and the states.'" Crowell, 374 F.3d at 793 (quoting Sumner, 226 F.3d at 1014).

---

at 2. Thus, Defendant is no longer asserting that the Court has statutory authority to expunge her conviction under § 3607. Id. Instead, Defendant now moves for expungement solely under equity principles, citing to no statutory provision that would confer authority on this Court to expunge her conviction. See id. The Court agrees that Defendant was mistaken in asserting § 3607 as authority for expungement because no aspect of Defendant's conviction would qualify for expungement under that provision.

As noted above, Defendant has not sought to vacate her conviction.  Further, Defendant does not contend in the instant Motion that such conviction was invalid in any way.  Therefore, the Court lacks the inherent authority to expunge Defendant's convictions because expungement is not permissible for equitable reasons alone.[4/]  28 James Wm. Moore et al., Moore's Federal Practice § 672.02[e] (3d ed. 1999) ("The courts are agreed that they have no authority to expunge a valid conviction for equitable reasons.").

Defendant asserts that expungement is proper to facilitate her ability to obtain a visa and visit her daughter and grandchildren who live abroad. Response at 2.  Defendant also points to her good behavior during the period of supervised release as evidence of her rehabilitation as a law-abiding member of society.  Id.  Although the Court sympathizes with Defendant's plight and commends Defendant for complying with the terms of

---

[4/] As noted above, the Court lacks the statutory authority to expunge Defendant's criminal record, as the provision that Defendant relies on is inapplicable to her conviction.  Thus, the Court could only expunge Defendant's conviction if there was inherent authority to do so.  However, the Court further finds that it lacks the inherent authority to expunge Defendant's conviction because such expungement would be based on equitable reasons alone.  Therefore, lacking any authority to expunge, the Court is effectively without jurisdiction on the Motion.  See Sumner, 226 F.3d at 1015 ("We hold that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief.").

supervised release, expungement is simply not proper where, as here, the arguments for expungement are based in equity alone.

Accordingly, Defendant's Motion fails because she has not shown an appropriate statutory basis for expungement, and because the Court lacks the inherent authority to expunge Defendant's conviction.

## CONCLUSION

For the foregoing reasons, The Court DENIES Defendant's Motion for Expungement of her 2001 conviction.  The Court finds that Defendant has not previously sought to vacate the conviction and that Defendant is not challenging the underlying conviction here.  Further, Defendant fails to show any applicable statutory basis for expunging the conviction and the Court lacks the inherent authority to expunge her conviction on principles of equity alone.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 5, 2009.



_____
Alan C. Kay
Sr. United States District Judge

United States of America v. Nancy Doan, Cr. No. 97-01039-06 ACK, Order Denying Defendant's Motion for Expungement